## BAHAM v. SCHADWELL.

### No. 16146.

Court of Appeal of Louisiana. Orleans.
Jan. 27, 1936.

H. W. & H. M. Robinson, of New Orleans, for appellant.

Fred A. Middleton and Sidney I. Goldman, both of New Orleans, for appellee.

JANVIER, Judge.

Ernest Baham alleges that he was employed as a carpenter by Frank P. Schadwell to assist in the remodeling of a certain boat designated as the "OG 250." He avers that, though he was paid all of the amounts earned during the regular working hours of each day, Schadwell retained the amounts due him for services rendered after the regular hours and refuses to compensate him for these services. In his petition he states that he worked for 233½ hours in addition to the regular working hours; that it was understood that he was to receive 50 cents per hour for each hour, and he prays for judgment in the sum of $116.75.

Schadwell admits that he employed Baham during the period alleged, but he avers that at the end of each week he paid in full all employees, including Baham, for all services rendered.

In the court, a qua, there was judgment for $112.25, and defendant has appealed.

Defendant admits that on certain days during the period mentioned in the pleadings the said Baham worked after the regular working hours, but he states that it was understood that this was done because the said Baham was not well, and agreed that since he might have to rest at times during each day, he would make up after regular hours the approximate loss of time caused by his physical condition.

Though only a question of fact is involved, and though we recognize the existence of the well-settled rule that in such cases there should not be a reversal except where there has been manifest error, we cannot avoid the impression that plaintiff has manifestly and obviously failed to sustain the burden of making his case certain by a preponderance of the evidence.

All of the other employees are shown to have been paid in full at the end of each week, and Baham admits that he, too, received all that was due him for services performed during the regular hours. His testimony concerning the alleged agreement as to overtime is most contradictory and confusing. Furthermore, he testified that he made a very careful record of all overtime, and that for this purpose he kept a memorandum book and made entries at the end of each day, and yet, at another place in his testimony, he stated that the record was kept by his wife, who made memoranda on a calendar which was in their home. There is some confusion in

the evidence as to whether he kept a record as to the amounts earned as overtime, or a record of the hours worked, but, viewing his testimony as a whole, we deem it unworthy of belief in view of the testimony given by defendant, which is corroborated by all of the circumstances surrounding the situation.

The judgment appealed from is annulled, avoided, and reversed, and plaintiff's suit is dismissed at his cost.

Reversed.